UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

SK FOODS, L.P., a California
Limited Partnership,

      Debtor.
_____

SCOTT SALYER, individually and        CIV NO. S-12-1292 LKK
as trustee of the Scott Salyer
Revocable Trust, et al.,

      Appellants,

          v.

BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,        O R D E R

      Appellee.
_____/

    Movants seek a stay pending appeal of the Bankruptcy Court's recent "modification" of a preliminary injunction ("PI") which it originally entered on March 20, 2010.[1] On this motion, the court principally looks to the movants' likelihood of success on the

---

[1] The appeal is from <u>Sharp v. SSC Farms I (In re SK Foods, L.P.)</u>, Bankr. Dkt. No. 816, Bankr. Adv. No. 9-2692 (May 10, 2012) ("Order Granting Motion to Amend Preliminary Injunction and Order Appointing Receiver"). The movants are SSC Farms I, LLC, SSC Farms II, LLC and SSC Farming, LLC, the defendants below, in 9-2692.

1  merits, and the irreparable harm they say they will suffer if the
2  stay is not granted.
3      The motion will be denied.[2]

**I.   ENJOINED ASSETS**

5      The predicate for movants' argument is that the modification
6  "expands" the assets enjoined by the PI in impermissible ways.  For
7  purposes of this stay motion however, movants have not shown that
8  they are likely to prevail on their assertion that the Bankruptcy
9  Court made any substantive changes to the assets subject to the PI.
10     The original PI and the adversary complaints (to which the
11 original PI refers), appear to indicate that everything "held" by
12 the movants was transferred to them, directly or indirectly, by or
13 through SK Foods.  Therefore, it appears (at this stage) that the
14 new orders's references to assets "held" by movants, is likely
15 referring to the same assets that the original PI described as
16 being "transferred" to movants by SK Foods or as otherwise alleged
17 in the adversary complaints.
18     In any event, movants have made no showing of irreparable harm
19 they will suffer from issuance of the Bankruptcy Court's order,
20 even if the new description of enjoined assets did effect a change.

**II.  THE AUSTRALIAN ASSET**

22     It does appear however, that the appealed-from order may have
23 effected a substantial change from the original PI when it granted

---

[2] The Trustee requests that the appeal itself be dismissed. However, he has not filed a noticed motion to this effect, so the request will not be further considered.

the Receiver all rights exercisable by non-appellant SS Farms, LLC,[3] arising from its ownership of stock in non-party SS Farms Australia Pty, Ltd. ("SSFA"). The order appears to empower the Receiver "to appoint or remove the officers or directors of SS Farms Australia Pty, Ltd." – to the degree the Receiver is authorized to do so as the receiver of SS Farms, LLC, which is in turn, a shareholder of SSFA. Movants challenge the authority of the Bankruptcy Court to issue such an order, reaching as it seems to, into the affairs of an Australian company that has not appeared in these proceedings (either in the Bankruptcy Court or in this court), and does not appear to have had the opportunity to be heard on the matter. This presents a serious issue and tends to support movants' claim that they will prevail on this issue on appeal.[4] Indeed, the seriousness of the issue tends to overshadow movants' failure, once again, to show irreparable harm to themselves if the stay is not granted.

The Trustee defends the order on appeal in part by arguing that it is necessary to prevent the Salyer entities from

---

[3] SS Farms, LLC, is a defendant in <u>Sharp v. Salyer as Trustee (In re SK Foods, L.P.)</u>, Bankr. Adv. No. 10-2014. The PI entered in that case has not been appealed. Accordingly, the defendants in 10-2014 (including SS Farms, LLC), are not movants or appellants in this appeal. The court notes that the PI entered in 10-2014 is the same PI that was also entered in 9-2692.

[4] The court acknowledges that there appear to be serious issues regarding the standing of these movants to challenge this portion of the order however, inasmuch as it appears to affect principally SS Farms, LLC, and SSFA, neither of which are appellants or movants here. The court expects that the parties will brief these issues fully when the appeal itself is before the court.

transferring the $10 million held by SSFA into overseas accounts that they control, without giving the Trustee notice or an opportunity to be heard. However, at oral argument, the Trustee agreed with movants that no such transfer would occur without prior notice to the Trustee from the SSFA liquidator.

Accordingly:

(1) Movants' motion to stay the order on appeal is **DENIED**, conditioned upon the Trustee's agreement to take no action to change SSFA's Board of Directors until after this appeal is resolved;[5] and

(2) The Trustee shall, within one week of the date of this order, submit a proposed order embodying this order. The proposed order may provide for the Trustee to be heard in this court on an expedited basis if he learns that SSFA funds are at risk.

IT IS SO ORDERED.

DATED: July 10, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[5] If the Trustee has already taken such action, he shall immediately notify the court.

4